[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12079
Non-Argument Calendar

_____

D. C. Docket No. 05-00385-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTO MCLAUGHIN-HUDGSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 18, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Justo McLaughlin-Hudgson appeals his concurrent 135-month sentences for

possession with the intent to distribute five or more kilograms of cocaine while onboard a vessel and conspiracy to possess with the intent to distribute five or more kilograms of cocaine while onboard a vessel, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii). After review, we affirm McLaughlin-Hudgson's sentences.

## I. BACKGROUND

The United States Coast Guard ("USCG") spotted a "go fast" boat in international waters off the coast of Colombia. The go fast boat engaged in evasive maneuvers while its crew threw bales of cocaine overboard. The USCG shot and disabled the go fast boat's engines. Upon boarding the go fast boat, the USCG found four crew members, including McLaughlin-Hudgson, and a captain. The USCG recovered eight bales of cocaine from the water. Crew member Pedro Vallenzuella stated that the go fast boat had been carrying sixty bales of cocaine. Based on the weight of the recovered cocaine bales and statements given by the crew, the go fast boat was transporting approximately 1,500 kilograms of cocaine.

The presentence investigation report ("PSI") set McLaughlin-Hudgson's base offense level at 38, pursuant to U.S.S.G. § 2D1.1(c)(1), based on the cocaine on the go-fast boat being 150 kilograms or more.[1] After a two level safety-valve

---

[1]Section 2D1.1(c)(1) provides for an offense level of 38 for 150 kilograms or more of cocaine. There was no objection to the drug quantity calculation being more than 150 kilograms.

2

reduction and a three-level reduction for acceptance of responsibility, McLaughlin-Hudgson's total offense level was 33. With a criminal history category of I, the PSI recommended an advisory guidelines range of 135 to 168 months.

At sentencing, McLaughlin-Hudgson argued that he was entitled to a minor-role reduction. The district court overruled McLaughlin-Hudgson's objection and adopted the guidelines calculations in the PSI.

McLaughlin-Hudgson asked for a ten year sentence. In mitigation, McLaughlin-Hudgson stated that was from an extremely poor island where there were few jobs and that he wanted a short sentence so he could see his family and young children.

The district court sentenced McLaughlin-Hudgson to concurrent 135-month sentences. In arriving at this sentence, the district court stated that it considered the advisory guidelines range and the 18 U.S.C. § 3553(a) factors. McLaughlin-Hudgson filed this appeal.

## II. DISCUSSION

On appeal, McLaughlin-Hudgson argues that the district court erred by failing to grant him a minor role reduction, pursuant to U.S.S.G. § 3B1.2. We review for clear error a district court's determination of a defendant's qualification for a role reduction. United States v. De Varon, 175 F.3d 930, 937 (11th Cir.

1999) (en banc). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence. Id. at 939. Two principles guide a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense. Id. at 940-45. When the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable. Id. at 941.

The district court did not clearly err in refusing McLaughlin-Hudgson a minor-role reduction. Under the first prong of De Varon, the district court held McLaughlin-Hudgson accountable for only his own conduct, namely his involvement in the transporting of the 1,500 kilograms of cocaine, a substantial quantity of drugs. Under the second prong of De Varon, McLaughlin-Hudgson was at least as culpable as his crewmates.

Contrary to McLaughlin-Hudgson's contention, the district court did not operate under a mistaken belief that drug couriers were per se ineligible for a minor-role reduction. The district court considered whether a minor-role reduction was appropriate in McLaughlin-Hudgson's case and determined that it was not.

McLaughlin-Hudgson also argues that the district court erred in imposing an unreasonable sentence, in light of the 18 U.S.C. § 3553(a) factors. McLaughlin-Hudgson contends that his sentence is too severe given his productive life as a fisherman, lack of a criminal history and disadvantaged background. He also argues that his sentence represents an unwarranted disparity because one of his co-defendants received a 97-month sentence.

After United States v. Booker, a district court in determining a reasonable sentence, must consider the correctly calculated sentencing range under the Sentencing Guidelines and the factors in § 3553(a). See Booker, 543 U.S. 220, 258-64, 125 S. Ct. 738, 764-67 (2005); United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review the ultimate sentence imposed for unreasonableness in light of § 3553(a)'s factors and the reasons given by the district court. United States v. Williams, 435 F.3d 1350, 1354-55 (11th Cir. 2006). The party who challenges the sentence bears the burden of showing that it is unreasonable. Talley, 431 F.3d at 788. Although there is no presumption of reasonableness for a sentence within the advisory guidelines range, when the district court imposes a guidelines sentence, "we ordinarily will expect that choice to be a reasonable one." Id.

After review, McLaughlin-Hudgson fails to show that his sentences are

unreasonable. McLaughlin-Hudgson's concurrent 135-month sentences were at the bottom of the advisory guidelines range and only one year above the ten-year mandatory minimum for his crimes. See 21 U.S.C. § 960(b)(1)(B)(ii). Apart from the district court's refusal to give a minor-role reduction, McLaughlin-Hudgson does not dispute the district court's guidelines calculations. The district court considered McLaughlin-Hudgson's arguments in mitigation about his four young children, elderly parents and disadvantaged background. The district court also indicated that it had considered the § 3553(a) sentencing factors and believed that a sentence at the low-end of the advisory guidelines range was sufficient but not greater than necessary to comply with the statutory purposes of sentencing. Furthermore, the disparity between McLaughlin-Hudgson's 135-month sentences and his co-defendant's 97-month sentence is a result of the co-defendant's substantial assistance and therefore is not unwarranted.

**AFFIRMED.**

6